UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1034 PA (AS) | Date | May 27, 2025 |
|---|---|---|---|
| Title | Kimberley V. Kelly v. Donald Trump, et al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On February 6, 2025, Kimberley V. Kelly ("Plaintiff"), proceeding pro se, filed a paid Complaint against President Donald Trump and Vice-President J.D. Vance. (Docket No. 1 ("Complaint")). The Complaint alleges Trump engaged in insurrection on January 6, 2021, and since that time he and Vance "have given aid and comfort to the insurrectionists[,]" by, among other things, Trump issuing pardons for convicted insurrectionists. (Complaint at 1-2). Plaintiff asserts that the Fourteenth Amendment forbids Trump and Vance from holding office, and she demands their removal from office. (Complaint at 2).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted); Gunn v. Minton, 568 U.S. 251, 256 (2013). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen, 511 U.S. at 377 (citations omitted); see also Bishop Paiute Tribe v. Inyo Cnty., 863 F.3d 1144, 1151 (9th Cir. 2017) ("'The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction.'" (citation omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (citation omitted)).

"Article III, § 2, of the Constitution confines federal courts to the decision of 'Cases' or 'Controversies.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997); Wittman v. Personhuballah, 578 U.S. 539, 543 (2016). "This restriction requires a party invoking a federal court's jurisdiction to demonstrate standing." Wittman, 578 U.S. at 543; Bank of Am. Corp. v. City of Miami, Fla., 581 U.S. 189, 196 (2017); see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 600 U.S. 181, 199 (2023) ("'To state a case or controversy under Article III, a plaintiff must establish standing.'" (quoting Arizona Christian School Tuition Organization v. Winn, 563 U. S. 125, 133 (2011))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1034 PA (AS) | Date | May 27, 2025 |
|---|---|---|---|
| Title | Kimberley V. Kelly v. Donald Trump, et al., | | |

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975); see also Kowalski v. Tesmer, 543 U.S. 125, 128-29 (2004) ("The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance."). "[T]he 'irreducible constitutional minimum' of standing consists of three elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)); Uzuegbunam v. Preczewski, 592 U.S. 279, 285 (2021). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc., 578 U.S. at 338; TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561; Spokeo, Inc., 578 U.S. at 338. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." Spokeo, Inc., 578 U.S. at 338 (quoting Warth, 422 U.S. at 518). Plaintiff has not done so.

Among other issues, Plaintiff has not alleged facts demonstrating she sustained any injury in fact. Indeed, the Complaint does not contain any information about Plaintiff. Instead, it asserts a generalized grievance – that the President and Vice-President are ineligible to hold their offices. But "a litigant's standing cannot be based on the 'generalized interest of all citizens in constitutional governance.'" City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency, 625 F.2d 231, 237 (9th Cir. 1980) (quoting Schlesinger v. Reservists to Stop the War, 418 U.S. 208, 217 (1974)); see also Lujan, 504 U.S. at 573-74 (A "plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."); Drake v. Obama, 664 F.3d 774, 779-84 (9th Cir. 2011) (dismissing for lack of standing claims from multiple categories of plaintiffs that former President Barack Obama was constitutionally ineligible to be President of the United States); Sibley v. Obama, 866 F. Supp. 2d 17, 20 (D. D.C. 2012) ("A generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen."), affirmed by, 2012 WL 6603088 (D.C. Cir. 2012); Caplan v. Trump, 2023 WL 6627515, *2 (S.D. Fla. 2023) ("[A]n individual citizen does not have standing to challenge whether another individual is qualified to hold public office.").

Additionally, the political question doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986). The doctrine "is primarily a function of the separation of powers[,]" Baker v. Carr, 369 U.S. 186, 210 (1962), that "reflects the foundational precept, central to our form of government, that federal courts decide only matters of law, with the elected branches setting the policies of our nation." Defense for Children Int'l-Palestine v. Biden, 107 F.4th 926, 930 (9th Cir. 2024). "[N]o justiciable controversy is presented when the parties seek adjudication of only a political question[.]" Flast v. Cohen, 392 U.S. 83, 95 (1968); see also Defense for Children Int'l-Palestine, 107 F.4th at 930 ("Because [the political question] doctrine embodies a limit on the powers of the judiciary, [the Courts] lack subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1034 PA (AS) | Date | May 27, 2025 |
|---|---|---|---|
| Title | Kimberley V. Kelly v. Donald Trump, et al., | | |

jurisdiction to resolve claims that present political questions.").

Article II, Section 4 of the Constitution provides that "[t]he President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors. U.S. Const. art. II, § 4. "The United States Supreme Court has held that the Constitution deliberately gave the power of impeachment to Congress, not the Judiciary." Carillo v. Trump, 2025 WL 986099, *3 (E.D. Cal.) (citing Nixon v. United States, 506 U.S. 224, 229, 233-35 (1993)), report and recommendation adopted by, 2025 WL 1424252 (E.D. Cal. 2025); Patrick v. Trump, 2025 WL 897691, *2 (D. Or.), report and recommendation adopted by, 2025 WL 895393 (D. Or. 2025); see also Gray v. Hawaii Police Dep't, 2024 WL 2304419, *2 (D. Haw. 2024) (The power of impeachment set forth in Article II, Section 4 "rests exclusively with Congress." (italics omitted)). Thus, "[t]he question of whether the President and Vice President are fit for office and subject to removal is a political question categorically excluded from judicial review." Carillo, 2025 WL 986099 at *3; Patrick, 2025 WL 897691 at *2.

Given these limitations on the Court's jurisdiction, IT IS THEREFORE ORDERED that Plaintiff shall show good cause in writing, within fourteen (14) days from the date of this Order, as to why this action should not be dismissed for lack of subject matter jurisdiction. Alternatively, if Plaintiff does not wish to proceed with this action, she may instead date, sign and return the attached dismissal notice by the foregoing deadline. **Plaintiff is cautioned that the failure to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action for the reasons discussed herein and/or for failure to comply with a Court Order.**

**IT IS SO ORDERED.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | AF | |